CHITTENDEN,
December,
1831.

## DANIEL STANIFORD, *vs.* THADDEUS TUTTLE.
### *(In Chancery.)*

The statute of limitations bars claims in equity as well as those at law.

Where a demand is necessary to perfect a claim, the statute only runs from a demand made.

Such demand may as well be presumed, as any other fact, from lapse of time, and such dealings between the parties, as render it very improbable, that the claim could have been forgotten while it was worthy of any consideration.

The presumptive bar attaches, in twenty years, where there is nothing proved to remove it : and especially where the transactions, proved, tend to aid the presumption.

The orator, in his bill of complaint, claimed an account of the defendant's agency, undertaken, as the orator averred, for the joint benefit of the orator, the defendant, and one John Fay, now deceased, in relation to certain lands, to which they had a joint claim, but of which their title needed confirmation ; and alleging that *Tuttle* was to take care of these lands, and procure vendue titles, or other titles, in confirmation of theirs, as by a stipulation in writing signed by *Tuttle*, and dated March the 12th, 1803 ; and averring, that the defendant had received titles to lands, and monies, for the joint benefit of the three, and yet, though requested, refused to render any account of his agency, or to pay over the monies so received, or transfer the titles so received—and prayed for an account, and general and special relief.

The defendant pleaded the statute of limitations, declaring that the cause of action, if any ever accrued to the orator, accrued more than six years before the commencement of this suit ; and denied that he ever promised to account with the orator within that time. He also pleaded, that more than twenty years had elapsed since any claim had been set up by the orator under said contract, adding the appropriate averment.

The defendant also answered the same thing, and alleged that various dealings, lawsuits and settlements had existed between him and the orator ; and he presumed all these matters settled more than twenty years before the commencement of this suit, and insisted upon the presumptive bar.

The answer was traversed by the orator. And he produced the testimony of Mr. Crame, the subscribing witness to the written contract of March 12th, 1803, which sufficiently proved the execution of the contract, which the defendant neither admitted nor denied in his answer.

The defendant, in order to aid the presumption, on which he

CHITTENDEN,
December,
1831.

Staniford
vs.
Tuttle.

relied, produced the following deeds, or copies of deeds, from the record, which were read without any objection. One from Samuel Hitchcock to the defendant, the orator and said John Fay, dated November 20th, 1805, of one whole right of said land ; also a deed from the orator to the defendant, dated December 3d, 1805 ; also a deed from said Fay to the defendant, of the same date : each of these deeds conveyed some part of the lands in question. The defendant also produced, and proved, copies of five notes given to him by the orator, and dated in the year 1799, payable at different times : one payable in April 1803, and one payable in November, 1805, with an indorsement thereon of payment, dated in January, 1806.

The present bill of complaint was entered in Court at the term in January, 1825.

*Bailey & Marsh, for orator.*—1. From the nature and objects of the contract between *Staniford, Tuttle* and Fay, as they appear on the face of it, a considerable length of time would evidently be necessary to enable *Tuttle* to carry it into complete execution. No period was limited within which he was required, or could be expected, to fulfil the duty which he had undertaken. The parties could not determine by what day or year, *Tuttle* could perfect or strengthen their titles to the lands in question, or " extinguish adverse claims by purchase, or advantageous compromise." Under these circumstances, no right of action could accrue till after a demand, and refusal to account to *Staniford* and Fay, or to release and give up the possession to them of their share or portion of the lands. No facts are charged in the bill or set up in the answer, which show that a cause of action existed in the orator or Fay, or the heirs of the latter, *fifteen* or *sixteen* years before the bill was filed.

2. But this is the case of a *trust*. *Tuttle* was to hold the lands, and to endeavour to accomplish certain objects, for their *joint benefit* and *use*. His possession was the possession of *Staniford* and *Fay*. The trust, too, was created by the act of the parties. It was one of which a court of equity has exclusive jurisdiction, there being no adequate remedy at law.

3. The statute of limitations does not attach to a *trust*, especially, if it be created, not by operation of *law* merely, but by *the act of the parties*. Nor can a trust estate be affected by a presumptive limitation, or the lapse of time, as between the trustee and the *cestui que trust.*—*Hovenden* vs. *Lord Annesley*, 2 *Sch.*

CHITTENDEN
December,
1831.

Staniford
vs.
Tuttle.
& *Lef.* 633 ; *Chalmondley* vs. *Clinton and others,* 2 *Mer. Rep.*
356–7 ; *Hopkins* vs *Hopkins,* 1 *Atk.* 581 ; *Decouche* vs. *Save-
tier,* 3 *J. C. Rep.* 190, 215 ; *Ram* vs. *Bloodgood,* 7 *J.C. Rep.*
421 ; *Sug. Vend.* 270–2.

There may be a *seizin* of an *equitable* estate, but there can be
no *disseizin* of it—or, as it is said in *Grenville* vs. *Blythe,* 16
*Ves.* 224, there cannot be an *equitable* disseizin. A disseizin
must be of the *entire* estate, and not of a limited or partial inter-
est in it—and a *tortious* act cannot possibly be the foundation of
an *equitable* title. " On a trust in equity, no estate can be gained
by disseizin, abatement, or intrusion."

The proposition that, as between the *trustee* and the *cestui que
trust,* the estate or interest of the latter is not subject to the stat-
ute of limitations, is one in which both reason and authority concur.
The only qualification of which the rule admits is, that, in some
cases, where the party might have had a complete and correspon-
ding remedy at law, this Court will, in analogy to the period limit-
ited by law for prosecuting the claim, hold the action or suit to be
barred. But in this case, a court of law could not give adequate
relief. It could not compel the parties to execute conveyances
and releases, nor could it make and enforce the necessary orders
for the adjustment and final settlement of the matters in contro-
versy. On no principle, then, can *Tuttle* refuse to render an ac-
count of what he has done with the lands in pursuance of his
agreement ; and, if he has not fulfilled, to surrender and give up,
so much of the estate now in his hands, as belongs to *Staniford*
and the representatives of *Fay.*

*C. Adams, for the defendant.*—1. Nothing is stated in the bill
to bring the subject within the cognisance of this Hon. Court. It
is stated that the orator and defendant were tenants in common of
the land ; but this is not admitted by the answer, nor is there any
proof to that point. It is also averred, that *Tuttle* agreed to take
charge of the land, and, so far as the bond may be considered as
evidence, this fact may be established : but it is not alleged, neither
does it appear, that *Tuttle* ever entered upon the land, or took any
charge thereof, or that he has ever made any disposition of the
same, or of any part of it. It is not alleged that orator ever exe-
cuted any conveyance of his interest in the land to *Tuttle,* or
that any thing has ever come into the hands of *Tuttle* for which
he ought to account. It is then the common case of an under-
taking to do certain things which the defendant has neglected to

do, and for which the orator may have a remedy at law. There is <span style="float:right">CHITTENDEN<br>*December,*<br>1831.</span>
nothing in the cause to render it a legitimate object of inquiry
in a grave Court of Equity. No title is shown in any of the <span style="float:right">Staniford<br>*vs.*<br>Tuttle.</span>
parties, and it is quite evident from the bond, that these pioneers
of civilization had it principally in view to obtain a title by some
of the methods usual in those days. And we submit whether it
will not be more consistent with the dignity of this Court to leave
the parties to prosecute their legal rights, if they have any, than to
become arbiters between them in the division of their spoil.

2. The answer is a denial of all equity in the bill. The an-
swer, it is true, is very general, and so is the bill. It fully shows,
however, that there is no equitable claim on the part of the orator.
The answer admits nothing that is charged in the bill, and on the
traverse nothing is proved excepting the execution of the bond.
Nothing can be inferred to establish any equitable claim ; and from
aught that appears, a court of law, if they awarded damages at all,
could only give nominal damages. It is in vain to say that *Tut-
tle* must account. Nothing has ever passed into his hands ; he
has never done any thing, and has nothing of which to render an
account. It cannot be contended that the defendant, by neglect-
ing to answer any particular charges in the bill, therefore admits
them. This would be a proposition without any authority to sup-
port it. If the answer is not sufficient, the plaintiff may except
and compel defendant to give a more definite answer ; but if he
does not except, the answer is admitted to be sufficient ; and no-
thing can be considered as established unless it is admitted by the
answer, or proved by the testimony. But nothing is charged in
the bill except the joint ownership of the land and the undertak-
ing of *Tuttle,* to take care of it ; and from this no equitable
claim can be inferred.

3. But we contend that if any claim ever existed, it is barred by
the statute of limitations. The defendant both by plea and in his
answer claims the benefit of the statute. That the statute of lim-
itations is a good plea in this Court, as well as at law, is establish-
ed by every elementary writer, and by numerous adjudged cases.
*Mitford,* 212 ; *Cooper,* 251 ; 2 *Mad.* 308 ; *Wych* vs. *E. T. C.*
3 *P. Wms.* 309 ; *Lawn* vs. *Lawn,* 2 *Atk.* 295 ; *Earl Strafford* vs.
*Blakemay,* 3 *Br. C. C.* 305. The Court will not sustain a bill
to redeem after twenty years possession by mortgagee.—*Mitford,*
213 ; *Cooper,* 254 ; *Aggles* vs. *Pickerell,* 3 *Atk.* 225 ; *Ed-
sell* vs. *Buckannar,* 4 *Bro. C. C.* 254. In *Smith* vs. *Clay,* 3
*Bro. C. R.* 639, the Court refused a bill of review after twen-

CHITTENDEN,
December,
1831.

Staniford
vs.
Tuttle.

ty years.   A prescription of twenty years will bar right of com-
mon.--*Denton* vs. *Jackson,* 2 *J. C. R.* 338.

4.  There is no circumstance connected with the case to take
it out of the statute.   It is sometimes said that a trust is not barred
by the statute.   It was contended by the solicitor general in ****
vs. *Briggs,* 3 *Atk.* 105, and not disputed, that it must be a clear
debt not depending on any account which the court would consid-
er as a trust to be taken out of the statute.   But there is nothing
in the bill, nor in the proof, to show that *Tuttle* was ever a trus-
tee.   One cannot well be called a trustee when nothing has pass-
ed into his hands.   A trustee without a trust is a solecism.

5.  Even if the statute of limitations as such could not be plead-
ed, the Court in the exercise of a sound discretion will adopt the
rules of law and apply an equitable bar.   *Expedit reipublicæ ut
sit finis litium,* is the maxim of equity as well as law.   Lapse of
time has ever been considered an equitable bar.—*Day* vs. *Den-
ham,* 2 *Johns. C. Rep.* 191 ; *Deloraine* vs. *Brown,* 3 *Bro. C. R.*
633.   They have gone so far as to apply it when there could be
no presumption of any payment.—*Hercy* vs. *Dinwoody,* 4 *Bro.
R.* 257.

6.  After such a lapse of time the Court will presume that the
claims of plaintiff, if any, have been satisfied and paid.—*Jones* vs.
*Tuberville,* 2 *Ves. Jun.* 11.   All statutes of limitation proceed
on the presumption of payment.   Courts of equity, as well as
courts of law, favor the vigilant, and they who sleep upon their
rights have no claims upon the aid of this Court.   This is a stale
demand of more than twenty years standing, and no reason is offer-
ed, and none can be offered, for this extraordinary delay.   The
relative situation of the parties in times past,forbids the possibility
of any claim.   From the facts disclosed in the answer, the con-
clusion is irresistable that all claims must have long since been
adjusted and settled, if any ever existed.—*Arden* vs. *Arden,* 1
*Johns C. R.* 316 , *Ellison* vs. *Moffatt,* 1 *J. C. R.* 46 ; *Anon.*
6 *Mod.* 22 ; *Winchelsea* cases, 4 *Bur.* 1962 ; 2 *Starkie,* 309 ;
3 *Starkie,* 1090.   A lapse of twenty years seems to be fixed up-
on as a presumptive settlement of all disputes.   It quiets all de-
mands, even those upon record.   Bonds are presumed to be
paid.   Writs of error will not lie.   Mortgages shall not be redeem-
ed.   Courts of equity will not allow a writ of review.   A *quo
warranto* will not be allowed.   In the case of *Cooper* vs. *Hum-
phreys,* 14 *Sergt. & Rawle,* it was decided that a lapse of twenty

years was an absolute bar ; that it was a question for the court, and that the jury had no discretion on the subject.

HUTCHINSON, Chancellor, *pronounced the decree of the Court.*—The only questions, in this case, arise upon the plea of the statute of limitations, and the plea of the presumptive bar, resting upon lapse of time and other circumstances in evidence ; and upon the same matters presented and insisted upon, in the defendant's answer, which is traversed. These may as well be considered together, as to take a separate view of them. The contract, upon which the orator relies to show the agency of the defendant, bears date in March, 1803, and the complaint was first entered in court at the January term, 1825. So that more than twenty years elapsed after the making of this contract before the commencement of this suit. But the contract contemplated that the agency would continue for a period ; but how long does not appear. It might be understood to run but a few months or weeks ; and it might be understood to run for several years. Now the orator objects, that neither the statute of limitations, nor the presumptive bar, could affect him, till the agency was at an end, and a demand made. We therefore enquire, when did the agency close ? The orator has adduced no proof upon this point. He has not shown any titles or monies coming to the defendant for the joint benefit within twenty years before the bill or suit was commenced. The deeds, shown by the defendant to have been given to the three in November and December, 1805, make no items in any account but what balanced as it run. The deed from Fay to the defendant, in 1805, and the notes of the orator to the defendant, given in 1799, and existing, and payments upon them in January, 1806, are circumstances, that go in aid of the bar set up by the defendant. They also go in aid of lapse of time to raise the presumption, that, if the orator ever had any claim for the accounting now sought, he long since made a demand of the defendant to render that account ; so that the statute of limitations would run, as well as the presumptive bar of twenty years attach. Wherever a demand is necessary to perfect or mature a claim, that demand may be presumed from lapse of time and frequent deal between the parties, as much as any other necessary fact can be presumed from appropriate circumstances. It would seem incredible, that the orator and respondent should live in the same village, and the defendant have notes against the orator, upon which payments were made and indorsed, and the orator

CHITTENDEN　have his present claim against the defendant, and never request
December,
1831.　　him to come to a settlement, till the statute had rolled over his
　　　　　claim more than three times, after the existence of the last item
Saniford
vs.　　of the account, as exhibited in proof on trial. There is sufficient
Tuttle.　　ground to presume a demand, and let the statute run against the
claim of the orator ; and also to presume a settlement of any claim
the orator ever had against the defendant, growing out of his
agency created by said contract.

　　　　　　　　　　　　The decree of the court is that
　　　　　　　　　　　　the bill be dismissed, with cost.